## DOWNS v. DELCO LIGHT CO. et al. *
### No. 881.

Court of Appeal of Louisiana. First Circuit.
Feb. 8, 1932.

For original opinion, see 138 So. 525.

Jess Johnson, of Baton Rouge, for appellant.

Breazeale & Sachse, of Baton Rouge, for appellee.

MOUTON, J.

In their original brief counsel for defendant company say, in referring to Leblanc, that: "He had a contract with W. P. Galloway and Company of Little Rock, Arkansas. No connection between W. P. Galloway and Company and the Delco Light Company was shown, except that Leblanc says that W. P. Galloway and Company were distributors of Delco products for Louisiana and Arkansas and that he thinks Galloway's Company had a contract with the Delco Light Company, similar to another distributor's contract, which was introduced in evidence."

The other distributor, referred to in counsels' brief, is George M. Foos who has a distributor's agreement for Louisiana and Mississippi. It is similar to the Galloway Company's contract in which it appears over and over again that it was distributing the products of the Delco Light Company, defendant herein.

In their original brief, counsel for defendant say: If Leblanc had his contract "directly with the Delco Light Company, there still would be no liability for the reason that by the terms of the contract he was not an agent." This nonliability claimed by defendant company is predicated on the stipulation in the dealer's agreement between Leblanc and the Galloway Company; that the contract did not constitute Leblanc "the agent or legal representative as distributor and/or Delco Light Company for any purpose whatsoever," to which we referred in our original opinion with the remark that the same proviso was found in the agreement between defendant company and George M. Foos, now

the distributor for defendant in Louisiana and Mississippi.

If this dealer's agreement, under its terms and provisions, did not show that Leblanc would be considered the agent of the defendant company under its terms, why was the specific condition inserted in the contract that the agreement "does not constitute him the agent or legal representative as distributor and/or Delco Light Company for any purpose whatsoever."

Obviously, the Galloway Company concluded that the terms of the agreement would constitute Leblanc its agent, and, for the purpose of obviating that legal consequence, the proviso, referred to, was inserted in the contract.

In our original opinion, in referring to this stipulation, we said: "The relation of principal and agent is created by the existing factor, and that relationship exists though the parties may not have intended such facts to have such legal effects, or though they may have expressly agreed that such should not be the legal effect"—citing in support of that statement, Page on Contracts.

We said we would direct our attention to a proper interpretation of the agreement between Leblanc and the Galloway Company, and to the facts and circumstances of the case, to ascertain the relationship which existed between the parties.

In pursuing that course, and for the purpose of determining the true nature or character of that agreement, we referred to its provisions, as follows: "In that contract between Leblanc and the Galloway Company, after stating that cash should accompany the orders by Leblanc for the Delco Light products, it says, that the distributor further agrees to sell Delco Light repair and replacement parts the amount and kind of which shall be specified by distributor from time to time as distributor may deem necessary to insure good service to owners of Delco Light products in dealer's territory."

If Leblanc was a mere purchaser of these products for sale, why should he have any concern whatsoever in providing good service for the benefit of the Delco Light Company?

Further, we said: "It is also provided in the agreement that the dealer shall maintain at his own expense an efficient installation and maintenance service on all Delco Light products installed in his territory in accordance with instructions issued by the installation and service department of Delco Light Company, to see that all necessary repairs and replacements of Delco Light products in his territory are promptly and properly made, and to use every reasonable means to main-

*Writ of certiorari granted by Supreme Court March 30, 1932.

tain a standard of service consistent with Delco Light policy."

Why should a purchaser for goods to be sold by him on the market obligate himself to such stipulations, and for the purpose of maintaining a standard of service consistent with Delco Light policy?

Continuing, we said: "It is also stipulated in the agreement that dealer maintain a place of business and display room satisfactory to distributor with right to distributor of inspecting the premises at all reasonable hours. Dealer agrees further to have his books audited annually by a competent auditor, and to furnish a certified copy of such and send it to distributor for its permanent records."

The agreement shows, beyond question, that the Galloway Company manifested in its stipulations unusual solicitude to insure good service to the owners of these products, and to the end that Leblanc, the dealer, should exert every reasonable effort to maintain a standard of service consistent with the policy of the Delco Light Company.

We cannot see, if Leblanc was simply a buyer for the resale of these products, that he should have been willing to subject himself to all these requirements, provided for in his dealer's agreement. It was also shown by the evidence of Leblanc that the prices at which he sold these Delco Light products were fixed by the Galloway Company.

The foregoing conditions, requirements, and stipulations so contained in Leblanc's agreement we said show that he was not only a buyer of these goods, but that he also appeared therein as the agent of the Delco Company, through Galloway, one of its distributors.

Counsel in their brief for a rehearing say: "In our opinion the simple fact that there was shown to be no contract directly between Leblanc and the Delco Light Company, and the fact that the Galloway contract was not before the Court, makes the decision of the Trial Court sustaining our exception eminently correct."

The record shows, p. 13, that the contract between Leblanc and the Galloway Company was introduced in evidence by counsel for plaintiff, and that counsel for defendant company joined in the offering.

Counsel for defendant are therefore mistaken where they say, in the above excerpt from their brief, that the Galloway contract was not before the court, as it is certainly there as a part of the evidence.

This contract with Leblanc shows the fact, however, that the Galloway Company was handling Delco Light products, and therein were made various stipulations for the protection of defendant company.

It seems almost inconceivable that the Galloway Company made such dealer's agreement, similar in every respect with the Foos contract, admittedly one entered into with the defendant, and that nevertheless it had no contractual relations with the Delco Light Company. Such a situation is possible, but not in the least probable. The contract between Leblanc and Galloway, counsel say, does not prove any agreement between Leblanc and the Delco Light Company, defendant herein.

In that respect, counsel contend there is a missing link in the proof, and that the evidence fails to show any connection between Leblanc and defendant company.

In support of their position in that respect, counsel indulge in the remark that courts may take judicial notice of things considered as being of common knowledge, and in certain presumptions of fact the law permits, but are not allowed to raise or create presumptions of fact as to the nature of a contract not before the court. In other words, counsel contend that we acted altogether on an assumption of fact in holding that Leblanc appeared as the agent of defendant company in installing, through Levy, his agent, the Delco Gas Plant in plaintiff's home which exploded, and caused the damages herein claimed.

It is shown by the testimony of Leblanc and Levy, who installed the plant, that a man named Smith and another, Lester, attended a convention in Baton Rouge, held in the interest of the dealers in Delco Light products.

Levy testifies that Smith was, at that time, the Delco service manager, and came directly from the factory of defendant company. Levy testified that he took the burner out of the plant he had installed in plaintiff's home, and that Lester was with him at the time, and had gone there with him for that purpose. Asked if Lester represented the Delco Light Company, he answered: "Not directly. Mr. Smith was in town, and he was the man who said he would like to take the burner out." This Mr. Smith, it must be noted, came directly from defendant's factory at the time, and was then "Delco Service Manager," according to the testimony of Levy, defendant's witness.

Levy said, also, that Lester, who had gone with him to remove the burner, had been sent by Smith. Was then asked if Smith did not represent the defendant company in the installation of the plant, to which he first answers, indirectly, and then says: "Well directly."

This burner, so taken out of the plant, Levy says, was given to Smith, who "took it back to the factory."

Plaintiff, Downs, testifies a man he thinks was Mr. Smith inspected the plant, said the

installation was all right, and on his birthday the accident occurred. Further he says, after the accident happened, Mr. Levy introduced a man whose name he could not remember as being the factory representative of the Delco Light Company factory's service department, and says that was the time they took the burner out.

No doubt, this man was Mr. Lester. Plaintiff, Downs, further says that this man did not even ask permission to take the burner out.

The taking of this burner, part of the plant, without permission of plaintiff, was practically the exercise of an act of ownership by the factory, through Smith, the agent, and done in the presence of Levy, the agent of Leblanc.

Counsel for defendant offered no proof whatsoever going to show that Smith and Lester were not the agents and representatives of defendant company.

Why should Smith and Lester have any interest in the installation of that plant, in the removal of that burner and its return to the factory, if Leblanc had not acted as the agent of defendant company. The action of these two representatives shows that Leblanc was acting in the capacity of agent, through the Galloway Company, one of the distributors of its products. Through Leblanc the defendant company was doing business in the city of Baton Rouge, and, for the reasons stated in our original opinion, the local court had jurisdiction in the case.

Rehearing refused.